## MURRAY *v.* EMMONS.

If an action is continued upon terms, and the order is in the alternative to pay the sum fixed as terms, or be nonsuited or defaulted, as the case may be, at the following term, the party has his election to pay the terms imposed, or submit to the nonsuit or default.

Where the court ordered an action to be continued upon terms that the plaintiff pay counsel fees, taxable costs and expenses of the defendant, in ninety days, otherwise judgment for the defendant at the next term, and the plaintiff did not pay the terms, but became nonsuit at the next term,—*Held*, that the defendant could not embrace in his judgment the counsel fees and expenses of the party, but only the taxable costs.

Where a judgment does not consist of distinct, independent parts, but is entire, as for costs alone, and there is error in the taxation, the whole judgment must be reversed; but after reversal this court can render such judgment as should have been given in the court below.

Upon the reversal of a judgment upon a writ of error, the party injured is to be restored to all that he has lost by the erroneous judgment, and he is to have judgment for restitution accordingly.

ERROR, to reverse a judgment rendered in the common pleas on the second Tuesday of May, 1849. Judgment upon a nonsuit was rendered in that court against the plaintiff in error for the sum of $112,86, being the amount of costs taxed against him. The errors alleged and the facts of the case will sufficiently appear in the opinion of the court.

*Chapman*, for the plaintiff in error.

---

---

*Nesmith & Pike,* for the defendant in error.

EASTMAN, J.   The question raised by the writ of error in this case is, whether on the rendition of judgment for the defendant in error in the common pleas, the costs taxed for November term, 1849, are correct.   There is no error alleged in the taxation for the other terms.

The taxable costs for the November term, 1849, amount to $16,46, being for witnesses' fees, and the travel and attendance of the party.   Instead of that amount, there was taxed for that term and included in the judgment, the sum of $42,08.   This was founded upon the following order of the court made at that term, to wit, "continued on terms ; the said Murray to pay counsel fees, taxable costs and expenses of party in ninety days, to said Emmons' counsel, otherwise judgment for Emmons at the next term."   Upon this order a bill of costs was made up at the same term and agreed to, embracing counsel fees, expenses of party and taxable costs, and amounting to the sum of $42,08.

There is no dispute in regard to the amount.   It was correctly made up, in compliance with the terms of the order, and had the case proceeded to trial at the next term, it must have been paid.   But the order was in the alternative.   The taxable costs, counsel fees and expenses of the party were to be paid, otherwise judgment for the defendant at the next term.   The party had his election to pay the terms of the continuance, or to let judgment go against him at the succeeding term ; and he chose the latter branch of the alternative.   He preferred to become nonsuit and go out of court, rather than submit to the terms and proceed with his action. This was accordingly done, and judgment of nonsuit was rendered.

The defendant in error, then, had no right to take judgment and include in it the terms of the continuance embracing costs that were not taxable; and there is, therefore, error in the judgment in this respect.   The extra terms

of the continuance, which were counsel fees and the expenses of the party, and which amounted to the sum of $25,62, were erroneously embraced in the judgment, and it must be reversed on that account. It does not vary the matter, that the sum was agreed upon. The agreement extended only to the amount which was to be paid in case the action remained in court. The bill was no doubt made up, examined and agreed to, that the plaintiff in error might see what the amount was, and make his election whether to pay it or become nonsuit.

This judgment being for one entire thing, to wit, the costs, it cannot be affirmed in part and reversed in part, but must be reversed for the whole. This court, however, can give judgment in the case for such sum as that for which judgment should have been rendered in the court below. Judgment was there rendered for $112,86, instead of which it should have been for $87,24. For this sum the defendant in error will be entitled to judgment and execution in this court, deducting therefrom the costs of the plaintiff in error in this proceeding to reverse the judgment. *Eames v. Stevens, ante* p. 117.

*Chapman,* for the plaintiff in error, suggested that execution had been issued in the common pleas for the amount of the judgment there recovered, and that the same had been satisfied by his client.

EASTMAN, J. If that be so, then the plaintiff in error must have judgment of restitution. When a judgment is reversed upon a writ of error, the party against whom the judgment was rendered in the court below, must be restored to all that he has lost by the erroneous judgment. If an execution has issued against him, and has been extended upon his lands, he is entitled to his possession and seizen, together with the mesne profits. If the execution has been

satisfied by his goods or money, he is to have restitution of the defendant in error, in money.

Upon establishing the fact of the satisfaction of an erroneous judgment, either by a return of the execution issued, or by affidavits, the court will grant leave for a suggestion of the fact upon the record, and that judgment of restitution be awarded. *Eames* v. *Stevens,* before cited.

Accordingly, upon the facts stated by the counsel being made to appear by evidence, a judgment for the plaintiff in error will be made up according to the views here expressed.